# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 18 2018, 10:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Faderick D. Riley, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 18, 2018 <br><br> Court of Appeals Case No. <br> 02A03-1712-CR-2923 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D06-1604-F6-388 |

**Najam, Judge.**

# Statement of the Case

Faderick D. Riley appeals the trial court's revocation of his placement in a work-release program. Riley presents a single issue for our review, namely, whether the State presented sufficient evidence to support the revocation of his placement. We affirm.

# Facts and Procedural History[1]

On May 17, 2017, Riley pleaded guilty to resisting law enforcement, as a Level 6 felony. Pursuant to his plea agreement, the trial court sentenced Riley to two years suspended to probation. About a week later, the State filed a petition to revoke Riley's probation based on another, subsequent charge of resisting law enforcement. Riley admitted to the alleged probation violation. On August 10, the court revoked Riley's probation and ordered him to serve the balance of his original term in the Indiana Department of Correction, but the court stated that Riley's executed sentence was "to be satisfied" through the Allen County Work Release program. Appellant's App. Vol. II at 93.

On September 27, the State filed a petition to revoke Riley's placement in the work-release program. The State's petition alleged that, less than one month after Riley had been admitted to work release, he "verbally abus[ed] staff" and engaged in "conduct which inhibits the safe and orderly running of the facility."

---

[1] The Statement of Facts in Riley's brief on appeal is not in accordance with our standard of review. *See* Ind. Appellate Rule 46(A)(6)(b).

*Id.* at 98.  At an evidentiary hearing on the State's petition, Robert Costanza, an officer with the Allen County Work Release program, testified that officers did room searches at the program's facility on September 11, 2017.  Following the search of Riley's room, Riley began "yelling" and cursing at officers through an intercom.  Tr. at 6.  Riley had entered into the officers' storage area, where he was not permitted.  Riley told the officers that he was missing $5.00 and a Bluetooth headset, though Riley later said he was actually missing $500.  Costanza testified that Riley was "very upset" during the encounter, that Riley required an "officer presence" to ensure "the safety of the staff and other inmates," and that, due to Riley's behavior, officers had to "pull[] him away from everyone" else.  *Id.* at 8, 12.  John Fizer, a resident advisor with the Allen County Work Release program, also testified at the evidentiary hearing and corroborated Costanza's testimony.

[4]     Following the evidentiary hearing, the court revoked Riley's placement in the work-release program.  The court then ordered Riley to serve the balance of his two years in the Allen County Confinement Facility.  This appeal ensued.

# Discussion and Decision

[5]     Riley appeals the trial court's revocation of his placement on work release.  As our Supreme Court has explained, a defendant is not entitled to serve a sentence on work release.  *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999).  Rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right."  *Id.* (quotation marks omitted).  Thus, in our review of the

trial court's revocation of such placement, we will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing the evidence or judging the credibility of witnesses. *Id.* at 551. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of his placement, we will affirm the court's decision to revoke that placement. *Id.*

[6] Riley does not dispute that the conditions of his placement on work release prohibited him from verbally abusing staff, entering unauthorized areas of the facility without permission, and engaging in conduct that inhibited the safe and orderly operation of the work-release facility. Rather, Riley asserts on appeal that his behavior was justified by his allegedly missing property and the work-release officers' failure to investigate his allegations. According to Riley, we should reverse the trial court's judgment because the State did not present evidence that Riley "resisted staff in any way or that any inmate or staff was injured," and because "no evidence was presented that Riley's actions incited any other 'inmate' to act badly or that there was any impact on the running of the facility . . . ." Appellant's Br. at 14.

[7] We cannot agree. Costanza's testimony, as well as Fizer's testimony, supported the State's allegation that Riley had yelled and cursed at the facility's officers after they had done a room search. Their testimony further confirms that Riley had entered an unauthorized area without permission and that Riley's behavior necessitated officer involvement for the security of the facility and those within it. Riley's argument on appeal is merely a request for this

Court to reweigh the evidence by crediting Riley's testimony over the testimony of the State's witnesses, which we cannot do. We affirm the trial court's revocation of Riley's placement on work release.

[8]     Affirmed.

Robb, J., and Altice, J., concur.